FILED - GR
April 30, 2021 12:27 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: tb  SCANNED BY: TB 4/30/21

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

STEVEN WILCOX #223862,
       Plaintiff,

v

KEITH CHAMBERLIN,
       Defendant.

Case No. 2:20-cv-178

Hon. Janet T. Neff

Mag. Maarten Vermaat

---

**Steven Wilcox #223862**
Plaintiff *in Pro Se*
Bellamy Creek Correctional Facility
1727 West Bluewater Highway
Ionia, Michigan 48846

**Joseph Y. Ho (P77390)**
Assistant Attorney General
MDOC Division
P.O. Box 30217
Lansing, Michigan 48909

---

## BRIEF IN SUPPORT OF PLAINTIFF'S REPLY IN
## OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**By:** Steven Wilcox #223862
      Plaintiff *in Pro Se*

## TABLE OF CONTENTS

Concise Statement of Issue Presented……………………………………………………..ii

Controlling Authority…………………………………………………………………….iii

Statement of Facts……………………………………..……………………………….1

Argument

I.      **PLAINTIFF PROPERLY EXHAUSTED HIS ADMINISTRATIVE REMEDIES AS IT RELATES TO THE MAY 15, 2020  INCIDENT** …………3

      **A. Exhaustion under MDOC Grievance Process**…….……………………...3

      **B. Exhausting Non-Grievable Misconduct Tickets**………………………….4

      **C. Analysis**……………………………………………………………….6

      **D. Conclusion**……………………………………………………………….7

Relief Requested…………………………………………………………………….7

## CONCISE STATEMENT OF ISSUE PRESENTED

I.    **DID PLAINTIFF PROPERLY EXHAUST HIS ADMINISTRATIVE REMEDIES AS IT RELATES TO THE MAY 15, 2020 INCIDENT?**

Plaintiff Answers "Yes"

Defendant Answers "No"

## CONTROLLING AUTHORITY

*Authority:*

Exhaustion:   *Woodford v Ngo*, 548 U.S. 81, 90, 92 (2006) (holding that the PLRA requires "proper exhaustion of administrative remedies," which "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issue on the merits."

Grievance Policy: Michigan Department of Corrections (MDOC) Policy Directive PD 03.02.130 - *Prisoner/Parolee Grievances.*

## STATEMENT OF FACTS

Plaintiff, Steven Wilcox, a Michigan prisoner brings this civil rights lawsuit under 42 U.S.C. § 1983, challenging the conditions of his confinement at the Alger Correctional Facility (LMF) in Munising, Michigan.  Specifically, Plaintiff contends that prison counselor, Keith Chamberlin, issued him three false misconduct/tickets on May 15, 18, and 19, 2020, in retaliation for filing three grievances on Chamberlin.

On May 12, 2020, Plaintiff advised defendant Chamberlin that he was going to write a grievance on him after attempting to resolve the mishandling of his outgoing mail.  (LMF 2005 0541-17I). On May 15, 2020, Chamberlin issued Plaintiff a misconduct/ticket for disobeying a direct order (DDO) and again confiscated his outgoing mail.  Plaintiff had an administrative hearing on the misconduct and was found guilty on May 21, 2020.  Plaintiff's defense at the hearing was "he was never given a direct order not to contact Megan Orlando. . . .  and, that the misconduct/ticket is a blatant act of retaliation by PC Chamberlin for a grievance I wrote on him on 5/13/20 for mishandling my mail. See, LMF 2005-0541-17I."  (ECF No. 23-4, PageID.245). Plaintiff appealed the guilty finding and was found not guilty of this misconduct based upon this defense.  This misconduct was dismissed on May 29, 2020.

On April 5, 2021, the Michigan Attorney General filed a motion for partial summary judgment alleging that Plaintiff has failed to properly exhaust his administrative remedies as it relates to the May 15, 2020 incident.

This is Plaintiff's Answer in Opposition to Defendant's Motion for Summary Judgment.

## ARGUMENT

### PLAINTIFF PROPERLY EXHAUSTED HIS ADMINISTRATIVE REMEDIES AS IT RELATES TO May 15, 2020 INCIDENT.

**Standard of Review**

A decision granting summary judgment is reviewed de novo, as is a decision denying summary judgment. *Moore v Holbrook*, 2 F.3d 697, 698 (6th Cir. 1993). Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 698; Fed. R. Civ. P. 56(a)

**Facts**

Defendant argues that Wilcox failed to exhaust his retaliation claim regarding the May 15, 2020 misconduct/ticket because he did not "raise the argument that the misconduct was issued based on retaliation during his misconduct hearing." See, ECF No. 23, PageID 123.

Plaintiff argues that this claim lacks merit. Grievance Identifier No. LMF 2006-0646-17B was properly exhausted through the applicable Michigan Department of Corrections (MDOC) Policy Directive (PD) 03.02.130, and, contrary to defendant's position was also raised at the administrative hearing on the misconduct. See, ECF No. 23-4, PageID.245. Defendant is not entitled to summary judgment based upon a failure to exhaust his administrative remedies.

**A. Exhaustion under MDOC Grievance Process**

Michigan Department of Corrections Policy Directive (PD.) 03.02.130 sets forth the proper procedure for a Michigan prisoner to resolve grievances not PD 03.03.105 as alleged by the Attorney General. Wilcox complied with the applicable MDOC policy procedure and fully exhausted the retaliation claim raised in Grievance Identifier No. LMF 2006-0646-17B at all 3 steps of the established grievance procedure.

Defendant further alleges that the retaliation claim was not grievable under PD. 03.02.130. However, this policy would not bar his grievance, because he is challenging

2

Chamberlin's retaliatory decision to file a misconduct report rather than a decision made by a hearing officer finding him guilty of disobeying a direct order.

The Attorney General is clearly aware of the applicable administrative process set forth within the MDOC grievance policy. See, ECF No. 23, PageID. 126-128; MDOC PD 03.02.130. Wilcox clearly followed the procedures available for him under MDOC's grievance policy to exhaust his administrative remedies.

## B. Exhausting Non-Grievable Misconduct Tickets

The Attorney General's attempt to classify this claim as a non-grievable misconduct/ticket is without merit.  Plaintiff asserts that the Attorney General's reliance on *Siggers v Cambell*, 625 F. 3d 681 (6th Cir. 2011), is misplaced.

In *Siggers*, the plaintiff argued that he exhausted his administrative remedies for his retaliation claim by having an administrative hearing and requesting a rehearing, as required by "MDOC policy directive 03.03.105(L) and (DDD) [which] indicates that a prisoner charged with a major misconduct violation is entitled to a formal hearing and, if the prisoner would like to appeal the outcome of the hearing, the prisoner may submit a request for rehearing." *Siggers v Cambell*, No. CIV. 07-12495, 2008 U.S. Dist. LEXIS 107407, 2008 WL 5188791, at *4 (E.D. Mich. Dec. 10, 2008), *aff'd*, 652 F. 3d 681 (6th Cir. 2011). The defendants moved to dismiss *Sigger's* claim, arguing that he failed to exhaust his administrative remedies because he was required to file a grievance in addition to requesting a rehearing. *Id.*  The Court agreed with *Siggers* on that issue and held that he was not required to submit a grievance because a hearing was the *only* administrative remedy available for challenging misconduct reports. *Id.*  But the Court ultimately ruled in the defendant's favor because the plaintiff did not specifically complain during the hearing that the misconduct tickets constituted retaliation.  *Id.*

3

In this case, Defendant's argument lacks merit as Defendant ignores the fact that Wilcox exhausted his administrative remedies through the applicable MDOC grievance process AND did raise the issue of retaliation at his misconduct hearing.  See, ECF No. 23-4, PageID.245.

The Step I grievance was addressed on the merits.  The Step I response indicates:

> I interviewed all parties involved with this issue.  Prisoner Wilcox is grieving that Prisoner Counselor Chamberlin fabricated three misconducts against him in retaliation for grievance that he filed against PC Chamberlin.  Wilcox stated to me that all three of the misconducts were "thrown out."  I spoke with PC Chamberlin about this issue.  He stated that he had no idea that Wilcox had wrote a grievance on him when he wrote the misconducts.  The misconducts were written because prisoner Wilcox was attempting to contact the family member of another prisoner.  PC Chamberlin wrote a misconduct for each time that Wilcox wrote a letter to the other prisoner's family.  The misconduct process determined that the charges were not appropriate and the misconducts were dismissed.  There is no evidence to support prisoner's claims. Grievance denied.

see, *Step I Grievance Response*; Grievance Identifier No. LMF 2005 0590 27B.

Plaintiff Wilcox made perfectly clear in the grievance that, "This grievance is written on PC Chamberlin for retaliating against me for using the grievance process in violation of my constitutional rights and PD 03.02.130(L)."  In his Step II appeal, Wilcox indicated, "Each time I was going to write a grievance I told Chamberlin I was doing it when I attempted to resolve." See, *Step II Grievance Appeal Form*; Grievance Identifier No. LMF 2006-0646-17B.  After addressing the merits of Plaintiff's grievance, the decision of the Step I grievance coordinator was upheld at Step II and III.

## C. Analysis

The Prison Litigation Reform Act ("PLRA") requires inmates desiring to bring civil rights claims to exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a);  *Jones v. Bock*, 549 U.S. 199, 211, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). Exhaustion is mandatory, and applies to suits with respect to prison conditions regardless

of the type of relief sought. *Porter v. Nussle*, 534 U.S. 516, 520, 524, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). To satisfy the exhaustion requirement, "prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,'—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006)).

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008). This Court "must construe the evidence and draw all reasonable inferences in favor of the non-moving party." *Hawkins v Anheuser-Busch*, Inc., 517 F 3d 321, 332 (6th Cir. 2008). It is undisputed that Wilcox filed a grievance on or around June 2, 2020 regarding the conduct of Defendant Chamberlin. A review of the grievance will clearly reveal that Wilcox properly raised the issue of retaliation by PC Chamberlin at both the administrative hearing on the misconduct/ticket AND through the established MDOC grievance procedure.   See, Grievance Identifier No. LMF 2006-0646-17B.

**D. Conclusion**

Because the evidence clearly reveals that Plaintiff properly exhausted his administrative remedies through the established MDOC Grievance Policy (PD 03.03.130) and at the administrative hearing on the May 15, 2020 Misconduct/Ticket, summary judgment on the grounds of a failure to exhaust would be inappropriate.

## RELIEF REQUESTED

Plaintiff, Steven Jon Wilcox, requests that this Honorable Court deny Defendant's Motion for Partial Summary Judgment and proceed to trial on Plaintiff's retaliation claims against Defendant.

Respectfully Submitted,

Dated: April 27, 2021

Steven Jon Wilcox #223862
Bellamy Creek Correctional Facility
1727 West Bluewater Highway
Ionia, Michigan 48846

WILCOX 223842
1727 W. BLUEWATER HWY
IONIA MI 48846

2:20-CV-178

CLERK, US
399 FEDER
110 MICHL
GRAND RAPID



DISTRICT COURT
AL BLDG
AN NW
MI 49503